<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| WILLIAM J. NELSON, : | **Civil Action No. 18-17521 (SRC)** |
| : | |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | |
| COMMISSIONER OF : | |
| SOCIAL SECURITY, : | |
| Defendant. : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff William J. Nelson ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning March 1, 2014. A hearing was held before ALJ Leonard F. Costa (the "ALJ") on September 29, 2017, and the ALJ issued an unfavorable decision on January 10, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of January 10, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of his past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) "the Commissioner improperly evaluated the medical evidence;" and 2) "the Administrative Law Judge erred in determining the Plaintiff's residual functional capacity and in misinterpreting the responses to the hypothetical question by the vocational expert." (Pl.'s Br. Table of Contents.)

Plaintiff's "Point I" is: "the Commissioner improperly evaluated the medical evidence." (Pl.'s Br. 12.) Plaintiff begins by summarizing the ALJ's determinations at step two and step three, and then states: "The Commissioner failed to give proper credence to the complaints of Mr. Nelson concerning his lower back impairment." (Id.) After summarizing much evidence, Plaintiff makes several arguments regarding impairments not found to be severe at step two. The Court discerns this to be Plaintiff's first set of arguments.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its

2

failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

As to Plaintiff's arguments that the ALJ erred at step two, even if Plaintiff is correct, this cannot be more than harmless error. It is quite possible that, under Third Circuit law, the ALJ's step two determination is in error. The Third Circuit has interpreted the relevant Rulings and Regulations to hold that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). The Newell Court further emphasized:

> An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 SSR LEXIS 19 at *6-8. Only those

3

> claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. *See Bowen*, 482 U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue.  *See Smolen v. Chater*, 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the claimant.

Newell, 347 F.3d at 546; accord McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.")   In McCrea, the Third Circuit reaffirmed the severity standard announced in Newell and added that, in light of the low threshold for severity, findings that an impairment is not severe "should be reviewed with close scrutiny" and are "certain to raise a judicial eyebrow."   McCrea, 370 F.3d at 357.

This Court agrees with Plaintiff that, under the *de minimis* standard set forth in Third Circuit law, the ALJ may have erred in finding certain impairments not to be severe.   The key question is, however, whether, pursuant to Shinseki, Plaintiff has demonstrated that he was harmed by this error, and this Court finds that he has not done so.   At step two, the ALJ found four severe impairments.   Had the total count been five, or six, or seven, instead of four, it would not have made any difference to the outcome.   This Court finds no prejudice to Plaintiff in any error at step two.   Plaintiff has failed to persuade this Court that any potential errors at step two harmed him.   As in Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005), "a remand is not required here because it would not affect the outcome of the case."

Still within "Point I," Plaintiff next argues: "The Administrative Law Judge attempts to minimize plaintiff's mental impairments."   (Pl.'s Br. 16.)   Plaintiff then summarizes the mental health evidence, which leads to a summary of the addiction treatment evidence.   Then, without

4

any analysis or argument about the mental impairments, Plaintiff's brief states: "The Administrative Law Judge attempted to minimize plaintiff's lower back with radiculopathy [sic]." (Pl.'s Br. 18.) Plaintiff's brief next states: "The Administrative Law Judge supports his opinion by stating that plaintiff is generally able to care for his personal needs . . ." (Id.) At this point, the Court has lost the thread of Plaintiff's argument: what opinion is Plaintiff discussing? Does this concern the mental impairments, or the lower back problems? Plaintiff then summarizes the evidence of Plaintiff's daily activities.

> Plaintiff's brief then makes a legal argument, here quoted in its entirety:
>
> The fact that a plaintiff is able to perform minimal activities or enjoy himself on occasion is not grounds for finding that he has the ability to work. The law does not require a complete restriction from recreational and other activities as a prerequisite to a finding of disability, Smith v Califano, 637 F 2d 968, 968 (3rd Cir. 1981), and Wright v Sullivan, 900 F.2d 675 (3rd Cir. 1990). A finding of not disabled must be based on more than the Administrative Law Judges' speculation. Surely, these minimal activities performed on an occasional basis is not equivalent to performing substantial gainful activity. It does not support a finding that plaintiff had the ability to perform sustained work activities in an ordinary work setting on a regular basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule) SSR 96-8p.
>
> This matter requires remand on this finding alone.

(Pl.'s Br. 19.) The Court does not discern a persuasive argument of error here. Save for the conclusion, the Court finds no statement in this argument with which it disagrees. The main paragraph contains general statements of the law which appear to be largely correct. There is, however, a total disconnect between those general statements and the conclusion that a remand is justified "on this finding." On what finding? How does this relate to what the ALJ actually wrote? Here, Plaintiff seems to argue that the ALJ found Plaintiff not to be disabled merely because he can perform minimal activities. If that is indeed Plaintiff's argument, it bears no

5

connection to the ALJ's decision.   It entirely overlooks the ALJ's basis for the decision.

Plaintiff next argues: "The Administrative Law Judge gave little weight to the third party function report completed by plaintiff's spouse."   (Pl.'s Br. 19.)   This is an accurate statement. Plaintiff does not, however, articulate a legal argument about any error here, and this Court does not discern one.   Here, in its entirety, is what the ALJ wrote about the report from Plaintiff's spouse:

> The undersigned only accords little weight to the Third Party Function Report completed by Shawn Carden, the claimant's spouse (Ex. 10E). Although the spouse rendered opinions regarding the effect of the claimant's alleged impairments on his ability to work and otherwise function, the spouse did not provide any evidence indicating that the spouse had the appropriate medical credentials to render such an opinion.   As such, the spouse's statement is accorded only little weight. However, the undersigned has nonetheless considered the spouse's factual observations of the claimant for the purposes of confirming the consistency of the claimant's allegations with the clinical evidence of record, and the severity of the claimant's impairments.

(Tr. 21.)   In short, the ALJ disregarded the spouse's conclusions about Plaintiff's ability to work and considered only the spouse's factual observations.   Plaintiff has not pointed to any error, and the Court finds no error here.

Plaintiff's brief next presents "Point II:" "The Commissioner erred as a matter of law in finding that Plaintiff can perform light work and failed in not giving an accurate portrait of Plaintiff's impairments to the vocational expert."   (Pl.'s Br. 20.)   The section that follows makes a number of points about the ALJ's decision at steps four and five, mixing the two together.   The Court begins with step four.

Plaintiff argues that, at step four: "Judge Costa failed to comply with SSR 96-8p in assessing plaintiff's RFC because the ALJ's RFC assessment is simply conclusory and does not contain any rationale or reference to the supporting evidence, as required by SSR 96-8p."   (Pl.'s

6

Br. 22.)   Again, there is a total disconnect between this contention and what the ALJ actually wrote.   At step four, the ALJ explained the basis for the residual functional capacity determination in a detailed review of the evidence that is over six single-spaced pages in length. Plaintiff's contention that this is "simply conclusory" is not supported by what the ALJ wrote.

As to step five, Plaintiff had preceded the step four argument with a summary of the examination of the vocational expert at the hearing.   After the detour to step four, Plaintiff challenges the hypothetical presented to the vocational expert at step five:

> Judge Costa failed to include plaintiff's inability to tolerate bright lights, frequency of absenteeism due to frequent out patient appointments, in the hypothetical questions proposed to the vocational expert. This matter requires remand on this issue alone.
> . . .
> The failure of the ALJ to include al [sic] the functional limitations suffered by plaintiff in his hypotheticals to the VE renders his testimony flawed.

(Pl.'s Br. 23-24.)   As evidenced by the organization of Plaintiff's brief, Plaintiff here has mixed steps four and five together, and has ended up making no effective challenge to either. Crucially, Plaintiff does not contend that the hypothetical was inconsistent with the step four residual functional capacity determination.   The use of a hypothetical at step five that is consistent with the residual functional capacity determination at step four is not error.   Third Circuit law on this point is clear:

> We do not require an ALJ to submit to the vocational expert every impairment alleged by a claimant. Instead the directive in *Podedworny* is that the hypotheticals posed must "accurately portray" the claimant's impairments and that the expert must be given an opportunity to evaluate those impairments "as contained in the record." . . . Fairly understood, such references to all impairments encompass only those that are medically established. . . And that in turn means that the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations.

Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). "Credibly established limitations"

7

refers to limitations established in the step four residual functional capacity determination. Plaintiff has not even argued that the hypothetical used at step five failed to accurately convey all of Plaintiff's credibly established limitations, as contained in the residual functional capacity determination at step four.

Furthermore, Plaintiff has failed to make any substantive challenge to the residual functional capacity determination at step four.   Plaintiff clearly believes that the residual functional capacity determination omitted important limitations, but Plaintiff's brief fails to muster the evidence and assemble an effective challenge.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that he was harmed by any errors.   This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

           s/ Stanley R. Chesler
           STANLEY R. CHESLER, U.S.D.J.

Dated: June 12, 2020